Rockingham
No. 7640

EUGENE MIKELL & THEODORE HARVEY
d.b.a. M & H WELL DRILLING

v.

BERT J. ALLEN & FRANCES ALLEN

March 31, 1977

*J. Christopher McGuirk,* of Portsmouth, by brief and orally, for the plaintiffs.

*Boynton, Waldron, Dill & Aeschliman,* of Portsmouth (*Mr. Nicholas R. Aeschliman* orally) for the defendants.

BOIS, J.   The defendants hired the plaintiffs to drill a well on their property. Services were to be charged for by the foot, and after more than 500 feet of drilling the plaintiffs had produced only a "dry hole." The project was abandoned and plaintiffs then presented defendants with a bill for $3,005, representing full charges for 450 feet of drilling, the plaintiff having waived any claim for the balance. Defendants refused to pay and suit was brought.

Plaintiffs claimed the entire 450 feet of drilling had been authorized and must be paid for. The defendants maintained that they had authorized drilling only to a depth of 175 feet. The evidence on authorization was conflicting, but the Trial Court (*Goode,* J.) found that "defendants never agreed to pay plaintiffs for any drilling below a depth of 175 feet."

The defendants conceded they had authorized drilling to a depth of 175 feet, but the court ruled the defendants were entitled to rescind the contract and that no payment was due plaintiffs. The ruling was based on the court's finding that plaintiffs had not performed in a workmanlike manner, which it expressed as follows:

> Testimony from the defendants indicates that on the morning of the second day of drilling the plaintiff reported that ". . . There was 15 gallons of water in the pipe and that they had evidently gone through a water vein . . ."

The Court finds that at this particular point of time, the plaintiff had produced a well, not at the 175-foot depth originally estimated, but at a depth of some 55 feet, and thus met his obligations under the agreement. However, uncontroverted testimony from the defendants indicates that contemporaneously with plaintiff's asserting the presence of "water in the pipe," the plaintiff also informed the defendants that this amount of water was insufficient and that he was going to continue drilling deeper. There is no evidence in the record to show that any further activity by the plaintiff, which resulted in a dry hole drilled to an alleged depth of 550 feet, was the subject matter of any agreement between the parties.

The Court therefore finds that as a matter of law, not only were any and all activities by the plaintiff, following that point where there was ". . . 15 gallons of water in the pipe . . .", done solely at the plaintiff's peril and expense, but plaintiff's subsequent unworkmanlike performance constituted a breach of the agreement and grounds for rescission of the contract. The plaintiff, having drilled a well of some 55 feet in depth within the terms of their oral agreement with the defendants, and then unilaterally, outside the terms of that agreement, made an unworkmanlike decision to pursue additional drilling activities which resulted in a virtual destruction of that well leaving a dry hole of some 500 feet in depth, this court finds for the defendants and judgment is entered accordingly.

Plaintiffs' exception was noted and all questions of law raised transferred.

The difficulty with the finding by the court that plaintiffs performed in an "unworkmanlike" manner is that this finding is not supported by any evidence. As contended by the plaintiffs, the record is devoid of evidence indicating what meaning, if any, should be attributed to plaintiffs' observation that "15 gallons of water [were] in the pipe." There is no evidence controverting plaintiffs' assessment that the vein struck was insufficient to bother with. Defendants did not allege nor did they offer evidence to the effect that plaintiffs had acted carelessly or negligently in disregarding the struck vein.

We have held that findings supported by evidence will not be disturbed on appeal. *Vittum v. New Hampshire Ins. Co.*, 117 N.H. 1, 369 A.2d 184 (1977); *Spectrum Enterprises, Inc. v. Helm Corp.*, 114 N.H. 773, 329 A.2d 144 (1974). The finding here of "unworkmanlike performance" is not supported by any evidence contained in the record, and must be held to be erroneous.

The evidence conclusively establishes that the defendants authorized 175 feet of drilling, and that plaintiffs gave no guarantee that water would be found. The court's finding that there was no authorization for drilling beyond 175 feet is amply supported. We conclude that the plaintiffs are entitled to remuneration for 175 feet of drilling at the contract price of $6.50 per foot for a total of $1,137.50.

*Plaintiffs' exception sustained in part.*

GRIMES, J., did not sit; the others concurred.