Carroll
No. 7708

EUGENE F. NUTE & a.

v.

TOWN OF WAKEFIELD

July 11, 1977

*Nighswander, Lord, Martin & KillKelley,* of Laconia and *David S. Osman* by brief (*Mr. Willard G. Martin, Jr.,* orally), for the plaintiffs.

*William P. Shea,* of Sanbornville, by brief and orally, for the defendant.

BOIS, J. Pursuant to RSA 234:23 and RSA 229:12, the defendant town initiated proceedings to reestablish the boundary lines

of Old Dearborn Road, so-called. The plaintiffs, claiming that the road as a public way has never extended across their property to the shore of Great East Lake, brought an action in superior court seeking temporary and permanent injunctive relief as well as a decree to quiet title. Hearing was had before a Master (*Charles T. Gallagher*, Esq.) who recommended that the proceedings of the defendant town be declared "null and void" and that the title be quieted from any claim of the defendant "that a *public* highway once existed or now exists over said property." (Emphasis added.) The recommendations of the master were approved, and all questions of law raised by the defendant's exceptions were reserved and transferred by *Douglas*, J.

The plaintiffs' lot is bordered on the south by the shore of Great East Lake and on the north by Camp Road, which runs parallel to the lake shore and behind the lots adjoining plaintiffs' property on the east and west. The travelled and paved portion of Old Dearborn Road runs north and south and terminates at Camp Road, directly to the north of plaintiffs' lot. Plaintiffs' suit was triggered by the town's attempt to "reestablish" the location of Old Dearborn Road across plaintiffs' lot from the Camp Road to the shore of the lake.

Defendant asserts that it has properly acted pursuant to RSA 234:23, which provides in pertinent part that "[s]electmen may reestablish the boundary lines, limits and locations of any class IV, V or VI highway or any part thereof which shall have become lost, uncertain, or doubtful. . . ."

By necessary implication, to "reestablish" means to restore to a former position; that is, to the position in which originally established. *See* Black's Law Dictionary 1444 (1951); Webster's Third New International Dictionary 1907 (1961). RSA 230:1 (Supp. 1975), defining the establishment of highways in this state, requires, in pertinent part, that "[h]ighways are only such as are laid out in the mode prescribed therefor by statute, or roads which have been constructed for public travel over land which has been conveyed to a city or town or to the state by deed of a fee or easement interest, or roads which have been dedicated to the public use and accepted by the city or town in which such roads are located, or roads which have been used as such for public travel . . . for twenty years. . . ."

The parties agreed that Old Dearborn Road is a public highway to its intersection with Camp Road.

The master found that:

> [T]he Old Dearborn Road once ran to the lake shore across the plaintiffs' lot . . . . However, the master is unable to find that this segment of the road was ever a public highway. The plaintiffs have ruled out the possibility of a highway layout of the Old Dearborn Road or of a deed conveying it to the town. The 1922 Plan of the Weeks Development shows a dedication of the Old Dearborn Road down to the Camp Road but it was not extended across the plaintiffs' property nor was there any reservation of the Old Dearborn Road in the deed of Weeks to Scott. The evidence shows that the public never used the plaintiffs' property as a public highway for any twenty (20) year period.

■ Having made these findings, the master then reasoned: "Since the plaintiffs have ruled out, as to their property, all of the provisions of RSA 230:1 regarding the establishment of public highways, they are entitled to a decree." A review of the record provides ample support for these findings, which deny original establishment of the very highway that the defendant seeks to reestablish, and they therefore will not be disturbed on appeal. *Mikell v. Allen*, 117 N.H. 286, 371 A.2d 1179 (1977); *Vittum v. New Hampshire Ins. Co.*, 117 N.H. 1, 369 A.2d 184 (1977). We therefore hold that the road, which the defendant town proposes to "reestablish" pursuant to RSA 234:23, has never before been established in accordance with the statutory provisions of RSA 230:1.

The defendant argues, however, that "the only issue in the case" is whether the defendant's actions were "based upon a reasonable justification" for considering the Old Dearborn Road to have been a public highway running across the plaintiffs' property to the shore of Great East Lake. The town contends that reasonable belief in prior establishment sufficiently justifies its decision to invoke RSA 234:23 and its proceeding thereunder. This contention ventures beyond the scope of the statute governing the reestablishment of highways.

■ RSA 234:23 authorizes selectmen to "reestablish the boundary lines, limits and locations of any class IV, V or VI highway or any part thereof which shall become lost, uncertain or doubtful. . . ." Prior establishment, necessarily implied by "rees-

tablish[ment]," is defined by RSA 230:1 (Supp. 1975). RSA 234:23 additionally authorizes the selectmen to "proceed in the same manner as the commissioner of public works and highways as provided [by RSA 229:12]." RSA 229:12 provides in pertinent part, that "[w]henever in the opinion of the commissioner the boundary lines, limits, or location of any . . . highway, or any part thereof, shall have become lost, uncertain, or doubtful, he may reestablish the same as, in his opinion, they were originally established. . . ." By these words, the statute authorizes the selectmen to "reestablish" a highway according to the boundaries which, in their opinion, were those by which that highway had been originally established. Therefore, while the precise location of restored boundaries shall be determined according to the opinion of the selectmen, the question of whether those "lost, uncertain, or doubtful" boundaries had ever been established remains an issue to be determined not by opinion or reasonable belief but by proof pursuant to RSA 230:1.

We note that defendant relies on *Weeks v. MacCormac,* 106 N.H. 350, 211 A.2d 862 (1965), as justification for its decision to "invoke" RSA 234:23. That litigation involved use rights in two roads lying to the north and east of the present plaintiffs' property. Reliance on *Weeks* has no application, since that case cannot alter our determination that the town's reasonable belief in prior establishment is not a substitute for reestablishment pursuant to RSA 234:23.

Defendant further argues that the court erred in placing upon the town the burden of showing "that the [Old] Dearborn Road was exactly where they claim it was and that it was a public road." The master, however, rejected such an imposition of the burden of proof when he denied plaintiffs' requested ruling that "[t]he burden of proof is upon the Town . . . to show by a preponderance of the evidence that the [Old] Dearborn Road . . ., as a public way, extended to the shore of . . . Great East Lake through [plaintiffs' property]."

We support the finding denying prior establishment of the Old Dearborn Road across plaintiffs' property and conclude that prior establishment, as defined in RSA 230:1 (Supp. 1975), is a necessary precondition to reestablishment pursuant to RSA 234:23.

*Exceptions overruled.*

DOUGLAS, J., did not sit; the others concurred.